# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD J. LANGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:11CV1833 RWS/SPM |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. Having reviewed the case, the undersigned recommends that the petition be dismissed.

### Background

On December 5, 2007, petitioner pled guilty to kidnapping, armed criminal action, burglary, stealing, several counts of possession of a controlled substance, and robbery. Resp. Exh. D at 2. On January 30, 2008, petitioner was sentenced to twenty years' imprisonment on the kidnapping, armed criminal action, and burglary counts, and to fifteen years' imprisonment on three of the possession counts, with all counts

to run concurrently. Resp. Exh. A at 86-90, 109-113. And on February 18, 2008, petitioner was sentenced on the remaining possession counts to fifteen years' imprisonment, with these sentences to run concurrently with the above sentences. Id. at 157-158.

Petitioner did not file a direct appeal. On March 21, 2008, petitioner filed a pro se motion for postconviction relief under Rule 24.035. Id. at 165. Counsel filed a superseding amended motion on November 25, 2008. Id. at 175. In the amended motion, petitioner's sole ground for relief was that his guilty plea was not knowing or voluntary because he was led to believe by his plea attorney that if he entered into a blind plea he would receive a sentence of ten to twelve years' imprisonment. Id. at 177.

The motion court found that petitioner's claims were refuted by the record and denied relief without an evidentiary hearing. Id. at 190-192. Petitioner appealed. Id. at 194.

The Missouri Court of Appeals also found that petitioner's claims were "clearly . . . refuted by the record." Resp. Exh. D at 4.

> At his sentencing hearing, Movant testified no one made any promises to him regarding his sentence, he knew the trial court could impose any sentence within the range of punishment, and he understood the full range of punishments available to the trial court. While Movant expressed "wishful thinking" he would only receive "ten or twelve

> years," after sentencing, Movant stated he recognized he could have received a much longer sentence and no one had promised him a shorter sentence.
>
> Movant's belief he would only receive a ten or twelve year sentence was not reasonable in that his claim was refuted by the record. Movant is not entitled to postconviction relief when the record demonstrates he was advised of the full range of punishment which could be imposed and no promises were made to him.

Id. at 5. The Missouri Court of Appeals issued its mandate on October 4, 2010. Resp. Exh. E.

Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254 on October 17, 2011, which is the date he placed it in the prison mail system. 28 U.S.C. § 2254, Rule 3(d). Petitioner is currently incarcerated at Missouri's South Central Correctional Center.

**Limitations and Tolling**

Respondent argues that the petition is untimely because it was filed outside of the one-year limitations period. Petitioner argues that he is entitled to equitable tolling. Petitioner says that while the limitations period was running, he gave his legal materials to another inmate to help him prepare his § 2254 petition. Petitioner claims that the other inmate was transferred to another facility while still possessing plaintiff's legal materials. Petitioner says that by the time he got his legal materials back and was able to prepare his petition and in forma pauperis application, the

-3-

deadline had passed. Respondent argues that petitioner did not need to wait until the deadline to prepare his federal petition, and therefore, petitioner is not entitled to equitable tolling.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

\* \* \*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An unappealed judgment becomes final ten days after it is entered. See Mo. R. Civ. P. 81.04(a). In this case, petitioner's separate judgments became final on February 12, 2008, and February 28, 2008. The limitations periods ran, respectively, for 38 days and for 22 days until March 21, 2008, until petitioner filed his motion for postconviction relief.

The limitations period was tolled until the Missouri Court of Appeals issued its mandate on October 4, 2010. Petitioner filed his § 2254 petition 378 days later

on October 17, 2011, which is beyond the one-year limitations period for each of the February 12, 2008, and February 28, 2008, judgments. As a result, the petition is time-barred unless petitioner is entitled to equitable tolling.

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Id. at 2563.

The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the respondent has lulled the plaintiff into inaction. Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling, however, is "an exceedingly narrow window of relief." Id. at 805. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598

(8th Cir. 2004) (quotation marks omitted); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

In this action, petitioner has neither shown that he diligently pursued his rights nor that an extraordinary circumstance stood in his way of filing his petition on time. Petitioner did not need to wait until he received his legal paperwork from the transferred prisoner to formulate his petition. He had only a single, simple ground for relief to present to this Court. He has not alleged that he took any other action in an effort to timely submit his petition, such as searching for another jailhouse lawyer to help him or by attempting to work on it himself. Rather, he claims he just waited for the other prisoner to send his materials back. Nor is the transfer of a prisoner an extraordinary circumstance in the context of prison life. If petitioner chose to give another prisoner his legal materials, he should have been prepared for such a condition to occur, by making copies of his legal papers for instance. In this case, petitioner does not qualify for equitable tolling, and as a result, the petition should be dismissed as time-barred.

**Ground for Relief**

Petitioner's guilty plea was not entered knowingly and voluntarily because he was promised by his plea counsel that he would receive a ten or twelve year sentence if he entered into a blind plea.

**Standard**

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a

state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

**Discussion**

During the plea colloquy, the Court repeatedly asked petitioner if anyone had made him any promises about the sentence he was going to receive, and petitioner repeatedly answered "no." See Resp. Exh. A at 26, 47. Moreover, the court repeatedly reminded petitioner that "no one can promise you what your sentence can be and that if anyone did make such a promise to you that promise is not binding on this Court," to which petitioner responded, "I understand." Id.

During petitioner's sentencing hearing, he expressed "shock" at being sentenced to twenty years' imprisonment. Id. at 74. At that time, the court asked petitioner, "At any time, did [plea counsel], or anyone, make any promises or threats to make you or to induce you to plead guilty?" Id. at 75. Plaintiff responded, "No, ma'am." Id. Petitioner admitted that his hope that he would get a ten or twelve year sentence was just "wishful thinking" on his part. Id. at 81.

Under clearly established federal law, a "plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a

binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569 (1989). A criminal "defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985)).

Here, petitioner testified during his plea hearing that no one had made any promised to him about his sentence. He freely admitted his guilt and volunteered statements that confirmed that admission. And he stated that he was satisfied with the services of his counsel. He also confirmed those statements during his sentencing hearing.

The Missouri Court of Appeals correctly relied on petitioner's statements in open court. The court's ruling was not unreasonable or contrary to clearly established federal law. As a result, petitioner's claim fails on the merits.

**Conclusion**

For these reasons, the Court recommends that habeas relief be denied. Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).

Thus, the Court further recommends that no certificate of appealability issue. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY RECOMMENDED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without further proceedings.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue. 28 U.S.C. § 2253.

The parties are advised that they have fourteen (14) days to file written objections to this Report and Recommendation. Fail to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this 6th day of February, 2013.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE