UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD J. LANGE, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 4:11 CV 1833 RWS |
| MICHAEL BOWERSOX, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on the petition for writ of habeas corpus filed by Petitioner Donald J. Lange under 28 U.S.C. § 2254.  I referred this matter to United States Magistrate Judge Shirley Padmore Mensah for a Report and Recommendation on all dispositive matters under to 28 U.S.C. § 636(b).  On February 6, 2013, Judge Mensah filed her recommendation that petitioner's habeas petition should be denied.

Petitioner objects to Judge Mensah's Report and Recommendation.  After conducting a de novo review of all matters relevant to the petition, I will adopt and sustain the thorough reasoning of Judge Mensah and will deny Petitioner's habeas petition.

Petitioner argues that Judge Mensah erred in finding his petition time-barred.  Petitioner's argument fails.  In order to be entitled to equitable tolling, Petitioner must show that he diligently pursued his rights and that extraordinary circumstance prevented timely filing.  See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).  Plaintiff has shown neither.  Because Petitioner filed beyond the one-year limitation period, his claim must be dismissed as time-barred.

Even if his petition was not dismissed as time-barred, Petitioner's claim fails on the merits.  A federal court may not grant habeas relief to a state prisoner unless the state court's

adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). At his plea hearing, Petitioner freely admitted guilt, confirmed his understanding that the judge could give him any sentence within the statutory range and that the State was recommending a thirty-year sentence, and told the court that no one, including his attorney, had made any promise to him about his sentence. After sentencing, Petitioner expressed shock at his sentence, but admitted that his hope of receiving a ten or twelve year sentence was just "wishful thinking" on his part. Faced with these facts, the Missouri Court of Appeals reasonably applied Hill v. Lockhart, 474 U.S. 52 (1985), and denied Petitioner's claim. Because the Missouri Court of Appeals' ruling was not unreasonable or contrary to clearly established federal law, Petitioner's claim fails.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on February 6, 2013 [#15] is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that petitioner's objections to the Report and Recommendation [#16] are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Donald J. Lange's Petition for Writ of Habeas Corpus [#1] is **DENIED**.

_____  
RODNEY W. SIPPEL  
UNITED STATES DISTRICT JUDGE

Dated this 10th day of May, 2013.